# EXHIBIT A

## **SETTLEMENT AGREEMENT AND GENERAL RELEASE**

This Settlement Agreement and General Release ("Agreement") made and entered into this 8th day of April, 2016 by and between Juan Salazar ("Plaintiff") and East Park Maintenance Corp. and 2102 Caton Properties, LLC  (together, "Defendants").  Plaintiff and Defendants are referred to collectively as the "Parties."

**WHEREAS**, on or about July 21, 2015, Plaintiff instituted this action in the United States District Court for the Eastern District of New York, styled *Salazar v. East Park Maint. Corp., et al.*, Docket No. 15-cv-04250 (JG)(JO) (the "Lawsuit"); and

**WHEREAS**, Plaintiff alleges in the Lawsuit that, among other things, he was not paid minimum wage and proper overtime compensation required by the Fair Labor Standards Act ("FLSA") and the New York State Labor Law ("NYLL") and that Defendant failed to provide proper wage statements pursuant to the NYLL.

**WHEREAS**, no collective or class has been conditionally certified in the Lawsuit; and

**WHEREAS**, counsel for the Parties have, with their respective clients, engaged in good faith settlement negotiations, including their participation in a settlement conference mediated by the Hon J. Orenstein, and agreed on terms to settle the Lawsuit; and now wish to memorialize those terms.

**NOW**, **THEREFORE**, in consideration of the foregoing and the following, and for other good and valuable consideration, the receipt of which is hereby acknowledged, the Parties do hereby agree as follows:

1.    Nature of Agreement and Non-Admission of Liability.  This is an agreement of settlement and compromise, and by entering into this Agreement none of the Parties agrees or concedes in any manner that they have violated any law or statute of any jurisdiction, breached any duty, responsibility or contract, or acted improperly in any manner.  It is understood and

agreed that nothing in this Agreement shall be interpreted or construed as the admission of any wrongdoing by any of the Parties or by any person or entity acting for or on behalf of any or all of the Parties.  By signing this Agreement, Plaintiff represents and agrees that, once he receives the payments set forth in paragraph 2 below, Plaintiff will have been paid all compensation owed to him and there are no other monies owed to Plaintiff by Defendants.

2. <u>Consideration</u>.  In consideration for Plaintiff signing this Agreement, and complying with its terms, Defendant agrees to pay the sum of FIFTY-SEVEN THOUSAND FIVE HUNDRED DOLLARS ($57,500.00) in accordance with the terms below.  Plaintiff and his counsel shall receive the following two (2) checks from Defendants or their designee:  a) THIRTY-THREE THOUSAND NINE HUNDRED THIRTY-FOUR DOLLARS AND SEVENTY-EIGHT CENTS ($33,934.78) for unpaid wages, which shall be subject to all applicable deductions and withholdings and will be reported on Form W-2; and b) Plaintiff's counsel shall receive the sum of TWENTY-THREE THOUSAND FIVE HUNDRED SIXTY-FIVE DOLLARS AND TWENTY-TWO CENTS  ($23,565.22) representing $23,000.00 in attorneys' fees and 565.22 in costs incurred in connection with the prosecution of the Lawsuit, which shall be reported on Form 1099-MISC.  Plaintiff's counsel shall furnish the Defendants' counsel with a completed form W-9 prior to cashing this check.  Defendants shall promptly issue all tax-related documents as required by law.  Plaintiff agrees to indemnify and hold Defendants harmless from and against any losses, claims, damages, penalties, expenses (including attorney's fees) and liabilities arising out of or relating to the tax treatment of the payment made pursuant to section b) under this paragraph 2.

3. <u>Dismissal and Payment</u>.  Payment of the amounts due pursuant to paragraph 2 shall be made within ten (10) calendar days after Court approval of this settlement.  All

payments shall be sent to Plaintiff's counsel's attention, Michael Radigan, Esq., Borrelli & Associates, P.L.L.C., 1010 Northern Boulevard, Suite 328, Great Neck, New York, 11021.  In the event that the Court refuses to approve the settlement this Agreement shall be null, void and of no further effect.

      4.      <u>Release of All Claims Raised in the Lawsuit</u>.  In consideration of the promises, payments and actions of Defendants set out in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiff, with respect solely and only to conduct that has arisen on, or prior to, the date this Agreement is executed, knowingly and voluntarily, fully and forever releases, relieves, waives, relinquishes, and discharges Defendants, along with their past and present parents, subsidiaries, affiliates, successors, assigns, owners, members, shareholders, partners, officers, directors, employees, agents, representatives, attorneys, insurers and reinsurers ("Releasees") from all actions and/or claims for unpaid overtime and wages brought under the New York Labor Law and the Fair Labor Standards Act and which he may have as of the date of this Agreement, including but not limited to any alleged violation of any federal, state or local law, regulation, rule or ordinance which relates in any way to Defendants' payment of wages to Plaintiff during Plaintiff's employment with Defendants, except claims for unemployment compensation and/or worker's compensation.  This release is limited solely and only to claims that have arisen on, or prior to, the date this Agreement is executed and transmitted to counsel for Plaintiff, and it does not release or discharge any claims that may occur after that date.  Plaintiff hereby specifically acknowledges that this Agreement, and the monies received by Plaintiff and referenced herein, are a fair and reasonable resolution of a bona fide dispute over the claims asserted in the Lawsuit.

5. <u>Governmental Agencies</u>.  Nothing in this Agreement prohibits or prevents Plaintiff from participating, testifying, or assisting in any investigation, hearing, or other proceeding before any federal, state, or local court or government agency.  However, to the maximum extent permitted by law, Plaintiff agrees that, if such an administrative claim is made, then to the fullest extent permitted by law, Plaintiff shall not be entitled to recover any individual monetary relief or other individual remedies and all monies paid hereunder shall be set-off in full against any relief or recovery of any kind without apportionment.

6. <u>Governing Law and Interpretation</u>.  This Agreement and General Release shall be governed, interpreted and conformed in accordance with the laws of the State of New York without regard to its conflict of laws provision.  In the event of a breach of any provision of this Agreement, either party may institute an action specifically to enforce any term or terms of this Agreement and/or seek any damages for breach.  Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction, the parties authorize the court to interpret or modify the clause(s) to be enforceable.  If that cannot be done, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

7. <u>All Acts Necessary.</u>  The Parties, at their own expense, shall execute and deliver all documents and perform all further acts that may be deemed reasonably necessary to give effect to the terms of this Agreement.

8. <u>Amendment</u>.  This Agreement may not be modified, altered or changed except in writing and signed by the Parties wherein specific reference is made to this Agreement.

9. <u>Entire Agreement</u>.  This Agreement and its attachment set forth the entire agreement between the Parties, fully supersedes any prior or contemporaneous agreements or

understandings between the Parties and satisfies all obligations of Defendants to Plaintiff.

10. No Waiver.  Failure to insist on compliance with any term, covenant or condition contained in this Agreement shall not be deemed a waiver of that term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one time or more times be deemed a waiver or relinquishment of any right or power at any other time or times.

11. Section Headings.  Section headings are used herein for reference only and do not affect the meaning of any provision of this Agreement.

12. Counterparts.  This Agreement may be executed in any number of counterparts, or by any authorized designee of any party (including their attorneys), each of which shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute on and the same instrument.

13. Representation by Counsel.  The Parties represent that they have had sufficient time to review and consider this Agreement with counsel of their choice.

14. Authority to Sign.  The individuals signing this Agreement expressly represent that they are authorized to do so by the individual(s) and/or entity(ies) that they represent.

| PLAINTIFF | EAST PARK MAINTENANCE |
|---|---|
| _____ | _____ |
| Juan Salazar | By: |
|  | Title: |
| Dated:  April __, 2016 | Date: |

**2102 CATON PROPERTIES LLC**

_____
By:
Title:
Date